[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 48, whose birth name is Morgan, and the defendant husband, 50, married on October 15, 1971 in Ruston, Louisiana. The parties have one adult child, now 23, who lives in Colorado. The allegations of the complaint are all found proven and true.
Both parties are college graduates. The plaintiff married the defendant six months after her college graduation. The plaintiff was employed in Louisiana as a bank teller and then as a secretary for a stock brokerage house until their child was born. After three years the plaintiff returned to work as a secretary until the defendant obtained employment in this area in approximately 1978. The parties rented a home in Greenwich for 30 months during which time the plaintiff worked as a substitute teacher for the Greenwich Public School System.
In 1981 they purchased a home on Forest Road in Weston. The plaintiff did not work outside the home until 1993 when she obtained temporary office work initially leading to a secretary's position with Cadbury Schwepps for almost three years, earning $35,000.00 annually. Her employment terminated on December 31, 1996 when the company moved to Texas. The plaintiff received a severance payment of 13 weeks of salary. She then collected CT Page 13729 unemployment benefits until May.
The defendant began employment with F.E. Morgan Co., a business then operated by the plaintiff's father and his two brothers, around the time of the parties' marriage. The defendant became a part owner and then owner via buy-outs. In 1978, the defendant sold the company. He then became a commodities broker after passing the S.E.C. Series 3 exam. This led to his coming to Connecticut to work for Acli Bros., a trading firm.
In recent years the defendant has earned over $200,000.00 each year (cf. Plaintiff's Exhibits #2, #3, #4). His 1996 I.R.S. individual return is on extension to be filed. The defendant currently operates Darby Trading Consultants, Inc.
On or about May 1, 1995, the plaintiff's mother died. The plaintiff's father had died in 1992. Prior to their deaths they had made gifts to the plaintiff. As a result of their deaths and gifts the plaintiff, via Darby Holdings, L.L.C. (Plaintiff's Exhibit #1) as 98% owner, now owns assets she values at $463,623.24 as listed on her financial affidavit as well as a brokerage account valued at $290,491.00 created mostly by inheritance.
The defendant takes issue with the plaintiff's valuation of 53 acres located in Lincoln Parish, Ruston, Louisiana, at $36,000.00. His appraiser testified and submitted an appraisal of $110,000.00 for the land, not including a value for the standing timber, (Defendant's Exhibit E). A second parcel of 35 acres on Quitman Street, Ruston was valued by plaintiff at $61,000. The plaintiff valued the timber standing on all of plaintiff's parcels at $86,687, $26,315 and $53,843 respectively, a total of $166,845.00. The defendant called a consulting forester, Cade M. Smith, who testified and submitted an appraisal of the timber value of the entire 85 acres of $209,024.00, (Defendant's Exhibit A). The court accepts the defendant's expert's figures which increases the timber value by $42,179.00. Since the plaintiff lists her individual assets as totaling $866,212.00 the increase as a result of the defendant's appraisals described above is slightly less than 5% Timber harvested in the past has furnished income to the plaintiff.
The jointly owned home at one Cartbridge Road, Weston, Connecticut is valued by plaintiff at $570,000.00 and by defendant at $590,000.00. The court concludes the fair market CT Page 13730 value is $580,000.00. There is a first mortgage balance of $233,766.00 and the home equity second mortgage of $75,675.00.
The defendant's individual assets are comprised of retirement funds totaling $283,805.00, his interest in Darby Trading valued by defendant at $19,000.00, $20,000.00 of family jewelry, a 1991 Range Rover, $1,100.00 in his checking account and a coin collection.
The parties separated on July 3, 1996 when the plaintiff moved to a rental. She has since moved to Louisiana, has enrolled in the L.S.U. para legal studies program which she plans to complete in December, 1997. She projects a weekly gross income of $565.00.
The defendant's consuming of alcoholic beverage to excess on a daily basis contributed materially to the marriage breakdown.
Both parties are in good health.
A pendente lite order of temporary alimony was entered on January 27, 1997 ordering defendant to pay plaintiff the monthly sum of $3,300.00 with first payment due on February 3, 1997. The defendant has made one payment. On February 27, 1997 the defendant moved to modify the order, and the parties have stipulated any modification is retroactive to March 10, 1997. In support of his motion, the defendant's financial affidavit filed with it lists net monthly income of $1,761.00. His January 1997 affidavit averaged the previous twelve months and listed monthly net income of $10,159.00. The defendant's affidavit filed at the trial listed total net monthly net income of $7,644.23, by averaging the first six months of 1997. The court concludes that the defendant's net income has been reduced substantially in 1997 and the motion to modify is granted. The defendant is ordered to pay $1,000.00 monthly for March through November, a total of $9,000.00. Having reviewed the evidence in light of the applicable statutes and relevant case law, the court has concluded that the following decree be entered.
1. A judgment is entered dissolving the marriage on the ground of irretrievable breakdown.
2. The jointly owned real estate known as one Cartbridge Road, Weston, Connecticut is ordered sold, and the net proceeds shall be equally divided between the parties. From the CT Page 13731 defendant's share he shall pay the accrued temporary alimony order arrears of $9,000.00. Either party may move for articulation if listing broker, listing price or other term of sale cannot be agreed upon. Until sold the defendant shall continue to pay both mortgages, taxes, insurance, maintenance, and other normal expenses incident to his occupancy.
3. The defendant is awarded his coin collection and the contents of the Weston house.
4. The defendant shall assign his 1% interest in Darby Holdings, LLC to whomever the plaintiff designates via documents prepared by the plaintiff at her expense.
5. The defendant shall cooperate with the plaintiff in her efforts to continue medical coverage via COBRA if she qualifies for such conversion and continuation.
6. The defendant shall transfer ownership of the Range Rover now in the plaintiff's possession to her.
7. Each party shall retain the remaining assets each now possesses.
8. Each party shall be responsible for the liabilities each lists on their respective financial affidavits.
9. The defendant shall pay to the plaintiff as periodic alimony the monthly sum of $1,000.00 until the remarriage of the plaintiff, the death of either party, or further court order. The provisions of § 46b-86 (b) apply to this order. A contingent wage withholding order is entered.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.